Kenneth L. **DEMERY**, Petitioner—Appellant,

v.

Doug **WADDINGTON**, Respondent—Appellee.

No. 04–35373.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 11, 2005.

Jeffrey Erwin Ellis, Steven Witchley, Esq., Ellis, Holmes & Witchley, PLLC, Seattle, WA, for Petitioner–Appellant.

Ronda Denise Larson, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: NOONAN, T.G. NELSON, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Kenneth Demery appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his 142–month sentence and jury-trial conviction for first degree robbery and kidnapping. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

As Demery concedes, the United States Supreme Court has not explicitly addressed whether it is a violation of federal due process to admit a police officer's pretrial interview statements that the officer did not believe the defendant's answers. In *Dubria v. Smith,*[1] however, we held that it was not a violation of due process to admit such statements when they gave context to the defendant's answers and did not "carry any special aura of reliability."[2] The detectives' statements in this case are sufficiently similar to those in *Dubria.* Therefore, we hold that the Washington Supreme Court's decision upholding admission of the detectives' statements was not "contrary to … clearly established

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 224 F.3d 995 (9th Cir.2000).

2. *Id.* at 1002.

federal law."[3] Even if it were error to admit those statements, such error did not substantially influence the verdict.[4]

AFFIRMED.

---

**3.** *Robinson v. Ignacio,* 360 F.3d 1044, 1057 (9th Cir.2004) (when the Supreme Court has not explicitly addressed a narrow issue, "we may turn to our own precedent ... in order to determine whether the state decision violates the general principles enunciated by the Supreme Court and is thus contrary to clearly established federal law").

**4.** *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (habeas petitioner must show constitutional error had a "substantial and injurious effect

or influence" on the jury's verdict) (internal quotation omitted).

